NO.
12-10-00117-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

ROBERT
LYNN THOMPSON,                        §                 APPEAL FROM THE 3RD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 ANDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Robert Lynn Thompson appeals his
conviction for assault causing bodily injury to a member of his family or
household following the revocation of his community supervision, for which he
was sentenced to imprisonment for ten years.  Appellant’s counsel filed a brief
in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant
was charged by indictment with assault causing bodily injury to
a member of his family or household
and pleaded “guilty.”  The trial court found Appellant “guilty” as charged and
sentenced him to imprisonment for ten years.  Thereafter, the trial court
suspended Appellant’s sentence and placed him on community supervision for ten
years.  

Subsequently,
the State filed a motion to revoke Appellant’s community supervision alleging
that Appellant had violated certain terms and conditions of his community
supervision.  A hearing was conducted on the State’s motion, at which Appellant
pleaded “true” to the allegations in the State’s motion.  Accordingly, the
trial court found that Appellant had violated the terms and conditions of his
community supervision as alleged in the State’s motion.  Following a trial on
punishment, the trial court revoked Appellant’s community supervision and
sentenced him to imprisonment for ten years.  This appeal followed. 

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
v. California and Gainous v. State. Appellant=s counsel states that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  He
further relates that he is well acquainted with the facts in this case.  In
compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978), Appellant=s brief presents a chronological
summation of the procedural history of the case and further states that
Appellant=s counsel is unable to raise any
arguable issues for appeal.[1]
 We have likewise
reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for leave to
withdraw.  See also In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration
with the merits.  Having done so and finding no reversible error, Appellant=s counsel=s motion for leave to withdraw is
hereby granted and the appeal is dismissed.

As a result of our disposition of this case,
Appellant’s counsel has a duty to, within five days of the date of this
opinion, send a copy of the opinion and judgment to Appellant and advise him of
his right to file a petition for discretionary review.  See Tex. R. App. P. 48.4; In re
Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review
of this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review on his behalf or he must
file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court.  See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review
should comply with the requirements of Texas Rule of Appellate Procedure 68.4. 
See In re Schulman, 252 S.W.3d at 408 n.22.

Opinion
delivered June 22, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












 [1]Counsel
for Appellant states in his motion to withdraw that he provided Appellant with
a copy of this brief.  Appellant was given time to file his own brief in this
cause.  The time for filing such a brief has expired and no pro se brief in
compliance with the Texas Rules of Appellate Procedure has been filed.